GENDERNALIK *v.* REDFORD TOWNSHIP

ZONING—AMENDMENT OF ORDINANCE—PROCEDURE—IRREGULAR PROCE-
DURE—MISREPRESENTATION OR MISSING FACT—BASIS OF DECISION.
An amendment to a township zoning ordinance was not invalid
merely because the county planning commission which rec-
ommended that the township board amend the ordinance had
been inaccurately told that the township's planning consultant
had approved the rezoning or because part of the county
planning commissioner's file was missing at the time the
county commission made its recommendation, because there
must be some proof that the missing file or misrepresentation
induced the county's decision in order for the amendatory
ordinance to be invalid as the product of an irregular pro-
ceeding.

Appeal from Wayne, Victor J. Baum, J. Submit-
ted Division 1 June 11, 1971, at Detroit. (Docket
No. 10220.) Decided July 27, 1971. Leave to appeal
denied, 386 Mich 754.

Complaint by Frank E. Gendernalik and others
against Redford Township and Horace Engler,
Public Service Coordinator, for an injunction and
to have an amendment to the township's zoning
ordinance declared invalid. Judgment for plain-
tiffs. Paul Boraks and others allowed to intervene
as defendants. Intervening defendants moved for
a new trial. Motion denied. Intervening defendants
appealed. Reversed and remanded for new trial.

REFERENCES FOR POINTS IN HEADNOTE
58 Am Jur, Zoning § 231.
Construction and application of provisions for variations in ap-
plication of zoning regulations and special exceptions thereto.
168 ALR 13.

*Harty, Austin & Jones,* for plaintiffs.

*Honigman, Miller, Schwartz & Cohn* (by *Norman Hyman*), for intervening defendant Boraks.

*Reid, Gilmore & Reid,* for intervening defendants Nacker and Hawthorne.

Before: Levin, P. J., and Quinn and V. J. Brennan, JJ.

Quinn, J. This appeal is from an order denying a motion for new trial.

August 23, 1968, Paul Boraks petitioned the Redford Township Planning Commission for the rezoning of Glenhurst Golf Course from single residential classification to multiple residential, general commercial, and professional service classification. The commission held a public hearing on this petition May 8, 1969, at which the township's planning consultant expressed the opinion that the proposed rezoning would not result in a sound land use pattern and was not in accord with master plan studies.

The township planning commission submitted the petition and zoning maps to the county planning commission. At the May 21, 1969, meeting of that commission, its director submitted a report which indicated that the township's planning consultant approved the proposed zoning change. Copies of this report were distributed to persons attending the meeting which included Paul Boraks and Horace Engler, Redford Township Director of Public Services. After discussion, the county planning commission recommended, with one dissenting vote, that the township planning commission approve the proposed zoning change with four suggestions not pertinent to present decision.

Thereafter the Redford Township board held a public hearing on the proposed zoning change at which plaintiffs voiced their opposition. June 23, 1969, the township board amended the zoning ordinance by a vote of four to three to accomplish the proposed rezoning. July 22, 1969, plaintiffs filed the present action for an injunction and to have the amended ordinance declared invalid because of the misrepresentation to the county planning commission that the township's planning consultant endorsed the proposed rezoning.

Following trial, the judge found a deliberate misrepresentation of a material fact attributable to the township which vitiated the hearing and decision of the county planning commission, and that this constituted a fatal defect in the process of amending the zoning ordinance. Judgment entered declaring the amendment invalid.

Thereafter intervening defendants were permitted to intervene and they moved for a new trial. After extensive briefing by intervening defendants and plaintiffs, the trial judge filed an expanded opinion denying the motion for new trial in which he stated:

"This court did not and does not find that the majority of the members of the township board, who enacted the amendatory ordinance, were induced to cast their votes by a fraudulent representation made to them. This court did not and does not find that the majority of the township board were induced to cast their affirmative votes by the recommendation of the county planning commission. This court simply finds that a deficiency exists, regarding one of the procedural steps which is essential for the valid enactment or amendment of a zoning ordinance. There is lacking in this case a substantially regular proceeding before the coun-

ty planning commission. Such a proceeding is required as a condition precedent to the valid amendment of a township zoning ordinance. There was a procedural irregularity as has been noted, in that a material part of the file of the county planning commission was missing at the time its director prepared and made his presentation to the commission. There was another procedural irregularity in that a material fact was falsely represented. The incomplete file together with the misrepresentation combined to materially misinform the commission."

The order appealed from entered following this opinion.

Our *de novo* review of this record discloses a fact we deem to be dispositive of this appeal and which obviates discussion of the various issues raised on appeal. There is no proof in this record that the claimed misrepresentation or the missing part of the file induced or affected the action of the county planning commission in recommending approval of the proposed zoning change. Without that proof, the record does not support the trial judge's finding that, "there is lacking in this case a substantially regular proceeding before the county planning commission", which is the basic holding of his opinion.

Due to an inadequate record, the trial judge declined to rule on plaintiffs' claim that the amended ordinance was invalid for unreasonableness. Since we reverse for a new trial, we decline at this time to express ourselves on this question.

Reversed and remanded for a new trial.

All concurred.